

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Modified by S-O2

August 7, 1952

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1496

Re: Legality of refunding motor
fuel tax payments to persons
supplying sand, gravel, and
ready mixed concrete to
highway construction con-
tractors.

Dear Mr. Calvert:

Your request for an opinion of this office reads as follows:

"We desire your opinion regarding the legality of paying motor fuel tax refund claims filed under the two conditions explained below.

"Section 13 (b), Article 7065b, Vernon Annotated Civil Statutes, provides in part as follows:

'Provided, however, no tax refund shall be paid to any person on motor fuel used in any construction or maintenance work which is paid for from any State funds to which motor fuel tax collections are allocated or which is paid jointly from any such State funds and Federal funds, etc.'

"Persons engaged in the business of processing sand and gravel, and ready mixed concrete frequently sell and deliver such products to contractors engaged in the construction and maintenance of State highways for which payment is made to such contractors from funds to which motor fuel tax collections are allocated. The contractor in turn pays for the sand, gravel and ready mix concrete out of the payment received by him. While the delivery of the sand, gravel and concrete constitutes a sale of the product the sellers are usually required to deliver their products on and over the highway project under construction where it is thereafter spread, rolled or used by the contractor.

"This department has heretofore paid tax refunds to the sand, gravel and concrete distributors on motor fuel used in the processing of such products on the premise

that such persons are merely sellers of a product used in the construction and maintenance of State highways paid for from motor fuel tax collections distinguishing them from the contractors who actually perform the construction and maintenance work.

"In another claim filed by a person engaged in the business of crushing and selling crushed rock and gravel, a contractor engaged in the construction of several state highway projects paid for from motor fuel tax collections, has contracted with the rock and gravel processor to move his rock crushing equipment to gravel pits leased by the highway contractor. In this case the rock and gravel processor does not sell the crushed rock and gravel to the highway contractor, he merely crushes and prepares the rock and gravel for the contractor for which he is paid a fixed price per square yard of crushed rock or gravel prepared.

"The only claim filed under the above circumstances is being held in suspense pending your opinion.

"Will you please advise this department whether the law precludes payment of tax refunds to persons who sell and deliver sand, gravel and ready mixed concrete under the conditions stated above to highway contractors who pay them for such products out of funds received by the contractor from State funds to which motor fuel tax collections are allocated?

"Will you likewise advise us whether the Comptroller is precluded by law from paying a tax refund to a rock and gravel crusher who is paid by a highway contractor on a yardage basis for crushing rock and gravel for him to be used by said contractor in the construction of a highway project paid for out of a fund to which motor fuel tax collections are allocated?"

It is thus seen that the highway contractors using the sand, gravel, concrete mix, and the processed or crushed stone, are engaged in construction or maintenance work which is paid for from State funds to which motor fuel tax collections are allocated. We assume for the purposes of this opinion that the use of the motor fuel in question fully meets the requirements of Article 7065b-13, Vernon's Civil Statutes, for a tax refund, and that the user of the motor fuel would be entitled to reimbursement of the tax paid except for the prohibition or exception provided for in Article 7065b-13(b), quoted above in your letter.

Hon. Robert S. Calvert, page 3 (V-1496)

It is clear that if the highway contractor had himself furnished the sand, gravel, and ready mixed concrete, or had crushed the rock and gravel for use in construction or maintenance work which was paid for out of such State funds he would not be entitled to any refund of motor fuel taxes. The fact that the particular work was performed under a sub-contract, lease, rental, or other arrangement with the highway contractor is immaterial in determining the legality of the tax refund. In this connection, it is stated in Attorney General's Opinion V-1379 (1951):

"The real test is that the highway construction and maintenance work is performed and paid for from motor fuel taxes allocated to the Highway Department or the counties in connection with highway work. The incidental fact that the prime contractor engages and pays the subcontractor who performs a certain portion of the work is not material. That the subcontractor uses the motor fuel in construction and maintenance work on the highways must be conceded. We think that portion of the exception which reads, ' . . . which is paid for from any State funds to which motor fuel tax collections are allocated . . .' does not have the effect of excluding from the exception the subcontractors simply because they are paid by the prime contractor. It is sufficient to bring them within the exception that they perform construction and maintenance work which is paid for from allocated funds. The work is actually done as a part of the work which the prime contractor under his contract with the Highway Department obligates himself to perform and which is paid for from allocated funds."

It is our opinion that under the facts submitted, persons using motor fuel in selling and delivering sand, gravel, and ready mixed concrete, or crushing and processing rock and gravel for a highway contractor engaged in highway construction or maintenance work paid for from State funds to which motor fuel tax collections are allocated, are using such motor fuels in connection with such construction or maintenance work, and therefore are not entitled to a refund of motor fuel taxes paid by them.

## SUMMARY

Persons selling and delivering sand, gravel, and concrete mix to, or processing or crushing gravel or rock for, highway contractors engaged in construction or maintenance work paid for with State funds to which motor fuel collections are allocated are not entitled to a refund of motor fuel taxes upon motor fuel purchased and used in connection with such work. Art. 7065b-13(b), V.C.S.; Att'y Gen. Op. V-1379 (1951).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

W. V. Geppert
Taxation Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

FL mm

By Frank Lake
Frank Lake
Assistant